**McGuireWoods LLP**
David S. Reidy (SBN 225904)
Two Embarcadero Center
Suite 1300
San Francisco, CA 94111-3821
415-844-9944
dreidy@mcguirewoods.com
*Attorney for Defendant Lumber Liquidators, Inc.*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| MIRIAM JENSEN<br><br>Plaintiff,<br><br>vs.<br><br>LUMBER LIQUIDATORS, INC., a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. _____<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1441 and 1446**<br><br>**[Diversity Jurisdiction]**<br><br>(Removed from Superior Court of California, County of Stanislaus, Case No. 2023153)<br><br>Complaint Filed: August 8, 2017<br>Complaint Served: October 20. 2017 |

# LUMBER LIQUIDATORS'S NOTICE OF REMOVAL

COMES NOW Defendant Lumber Liquidators, Inc. ("Lumber Liquidators"), by and through undersigned counsel, and hereby removes this action from the Superior Court of the State of California, County of Stanislaus, to the United States District Court for the Eastern District of California, Fresno Division. The grounds for removal are as follows:

## I. BACKGROUND AND PROCEDURAL POSTURE

1. On or about August 8, 2017, Miriam Jensen ("Plaintiff"), filed a First Amended Complaint ("Complaint") against Defendant in the Superior Court of the State of California, County of Stanislaus in a case styled as *Miriam Jensen. v. Lumber Liquidators, Inc., et al.*, Case No. 2023153 (the "State Court Action").

2. On October 20, 2017 Lumber Liquidators was served with a copy of the Summons and Complaint in the State Court Action, which is the initial pleading setting forth the claims for relief upon which this removal is based.

3. Removal of the Complaint is timely under 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a) because this Notice of Removal is being filed within thirty (30) days after Lumber Liquidators was served with the initial pleading on October 20, 2017.

4. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendant in the State Court Action are attached hereto as **Exhibit A**. The original complaint, apparently filed January 4, 2017 but never served on Lumber Liquidators, is also included in Exhibit A.

5. Removal of this action is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332, because: (i) complete diversity of citizenship exists as between

Plaintiff and Lumber Liquidators;[1] and (ii) the amount in controversy exceeds $75,000.

6. In accordance with 28 U.S.C. § 1446(d), Lumber Liquidators has contemporaneously filed a Notice of Removal with the Superior Court of the State of California, County of Stanislaus. A copy of Lumber Liquidators' Notice to State Court of Removal to Federal Court (without exhibits) is attached hereto as **Exhibit B**.

7. Pursuant to 28 U.S.C. § 1446(d), Lumber Liquidators has also given written notice to Plaintiffs by contemporaneously serving this Notice of Removal on counsel for Plaintiffs.

8. Removal to this Court is appropriate pursuant to 28 U.S.C. § 1441(a) because the State Court Action is currently pending in Stanislaus County, California, which is located within the geographical boundaries of the United States District Court for the Eastern District of California, Fresno Division. *See* 28 U.S.C. § 84(b).

9. By filing this Notice of Removal, Lumber Liquidators does not waive and specifically reserves any and all defenses, exceptions, rights, and motions with respect to the claims asserted in the Complaint. No statement or omission in this Notice shall be deemed an admission of any of the allegations of or relief sought in the Complaint.

10. As set forth below, this case is properly removed to this Court based on diversity of citizenship.

## II.   REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

### A.   Introduction

---

[1] The citizenship of the John Doe defendants is disregarded in the diversity analysis. 28 U.S.C. § 1441(b)(1) "[i]n determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded." *See also Tatevossian v. Wells Fargo Bank, N.A.*, 2016 U.S. Dist. LEXIS 107169 (C.D. Cal. Aug. 12, 2016).

11. This case is removable based on diversity of citizenship. 28 U.S.C. § 1332. It is undisputed that there is complete diversity of citizenship as between Plaintiffs and Lumber Liquidators.

12. The amount in controversy clearly exceeds $ 75,000, because Plaintiff attached a "Statement of Damages" to her state court Complaint seeking $144,025,000 in damages. She alleges serious bodily injuries and extensive medical expenses and seeks punitive damages.

13. For the foregoing reasons, further explained below, Lumber Liquidators removes this case to this honorable Court.

### B. Complete Diversity Exists Between Plaintiff and Defendants

14. There is complete diversity of citizenship between Plaintiff and Lumber Liquidators. *See* 28 U.S.C. § 1332(a); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990) (diversity jurisdiction requires that no plaintiff is from the same state as any defendant); *Emergent Med. Assocs. v. Allied World Assur. Co. (US),* No. CV 16-0069 FMO (KKx), 2016 U.S. Dist. LEXIS 28945, at *2 (C.D. Cal. Mar. 4, 2016) (same).

15. Plaintiff is an individual residing and domiciled in the State of California. *See* Exhibit A, Complaint ¶ 1. An individual is considered a citizen of the state where that person is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. Cal. 2001). Plaintiff is, therefore, a citizen of the State of California for diversity jurisdiction purposes.

16. Lumber Liquidators is a Delaware corporation with its principal place of business in Toano, Virginia. For purposes of determining diversity jurisdiction, a corporation is a citizen of two states: (i) its state of incorporation, and (ii) the state of its principal place of business. *See* 28 U.S.C. § 1332(c) (providing that a defendant corporation is a citizen both of the state in which it is incorporated and the state in which it maintains its principal place of business); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (holding "'principal place of business' is best

read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's actions . . . the corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters"). Accordingly, Lumber Liquidators is a citizen of the States of Delaware and Virginia, as it is a Delaware corporation with its principal place of business in Virginia.

17. Plaintiff sues Doe Defendants. (*see* Exhibit A, Complaint ¶ 3), but the citizenship of Doe Defendants is not relevant to – and is thus not to be considered in connection with – the diversity analysis. 28 U.S.C. § 1441(b)(1) "[i]n determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded." *See also Tatevossian v. Wells Fargo Bank, N.A.*, No. CV-16-03135-AB (MRWx), 2016 U.S. Dist. LEXIS 107169, at *8 (C.D. Cal. Aug. 12, 2016) ("Plaintiff's second argument that the lack of consent from an unknown citizenship of the Doe Defendants undermines subject matter jurisdiction fails under the plain language of the removal statutes.") (citing 28 U.S.C. § 1441(b)(1)).

### C. The Amount in Controversy Exceeds $75,000

18. Plaintiff expressly seeks $ 144,025,000 in damages. See Complaint, Statement of Damages.

19. Punitive damages are included in the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 946 (9th Cir. 2001); *Terrell,* 2016 U.S. Dist. LEXIS 105213, at *4 ("potential for punitive damages may still be considered for purposes of amount in controversy even where plaintiff has not explicitly requested such damages").

20. In short, it is "self-evident" from the face of the Complaint that the amount in controversy exceeds $ 75,000.

### E. Conclusion

21.  As no named Defendant is a citizen of California, complete diversity exists.  Because the amount in controversy exceeds $75,000, and complete diversity exists, removal to this Court is proper based on diversity jurisdiction.

WHEREFORE, Lumber Liquidators hereby removes the above-captioned action now pending in the Superior Court of the State of California, County of Stanislaus, to the United States District Court for the Eastern District of California, Fresno Division, and respectfully requests that this District Court assume exclusive jurisdiction of this action, entering such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Dated: October 24, 2017                Respectfully submitted,

                                        McGuireWoods LLP

                                        /s/ David S. Reidy
                                        David S. Reidy (SBN 225904)
                                        Two Embarcadero Center
                                        Suite 1300
                                        San Francisco, CA 94111-3821
                                        415-844-9944
                                        dreidy@mcguirewoods.com
                                        Attorneys for Defendant Lumber Liquidators, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2017, I electronically filed the foregoing document entitled NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1441 and 1446 with the Clerk of the Court for the United States District Court, Eastern District of California using the CM/ECF system and served a copy of same upon all counsel of record via United States Postal Service at the following address.

John T. Stralen
CLAYEO C. ARNOLD
A PROFESSIONAL LAW CORPORATION
865 Howe Avenue
Sacramento, CA 95825

                                /s/ David S. Reidy
                                David S. Reidy